IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDITH BUSTO,

        Plaintiff,

v.                                CIV 08-0356-JB-GBW

THE CITY OF ALBUQUERQUE, et al,

        Defendant.

# ORDER SETTING SETTLEMENT CONFERENCE

This case has been referred to me for a settlement conference. *See* D.N.M.LR-Cıv. 16.2(a). Having conferred with counsel about a mutually-convenient date, time, and location,

**IT IS HEREBY ORDERED that <u>all parties and their lead counsel shall appear before me at the United States Courthouse, 200 E. Griggs , Jury Room and Clerk's Conference Room (2d Floor), Las Cruces, New Mexico, on Thursday, September 24, 2009, at 1:30 p.m.</u>** Counsel and parties need not report to my chambers but are to go directly to the location identified above. An insured party or an uninsured corporate party shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state). *See* D.N.M.LR-

Cɪᴠ. 16.2 (c).

Experience teaches that settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. **Accordingly, prior to the conference, counsel are required to confer with one another and exchange written offers and counteroffers in a good faith effort to resolve the litigation.** If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further good faith negotiation at the conference.

Each party shall provide me a confidential, comprehensive letter or settlement brochure detailing the facts and other issues of this case, including how the party envisions resolution of the case at this conference. The settlement letter shall contain an analysis of the strengths and weaknesses of the case as well as the settlement posture of the settlement negotiations. Said letter is to be delivered to my chambers no later than **September 17, 2009**. The parties may submit the statements by either facsimile (575-528-1465) or by mail, whichever they prefer, as long as the statement arrives in my chambers by the above deadline. It is not necessary to send an original if the statement is sent by facsimile. A $100 fine for each day the position paper is late will be assessed unless a request for an extension is approved by the Court.

The purpose of the settlement conference is to facilitate settlement of this case, if

2

that is appropriate.  It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached.  To that end, all matters communicated to me in confidence will be kept confidential, and will not be disclosed to any other party, or to the trial judge.

At the settlement conference the parties, by counsel, may be asked to give a brief (five minute) presentation outlining the factual and legal highlights of their case.  Then separate, confidential caucuses will be held with each party and the party's representative(s).  Attached is an outline for counsel to review with the parties prior to the settlement conference to make the best use of the time allotted.

**A party's personal appearance is intended to increase the efficiency and effectiveness of the settlement conference,** by reducing the time for communication of offers and expanding the ability to explore options for settlement.  A request to be excused must be made in writing five calendar days before the conference.  *See* D.N.M.LR-CIV. 16.2 (d).

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

## SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result.  Settlement conferences can be held more efficiently if all parties and counsel are prepared.  The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

A.      FORMAT

      1.      Parties with ultimate settlement authority **must** be personally present.

      2.      The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

      3.      Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this conference?  If so, or if you want to know more about these processes, please contact the Court so a conference call to discuss options can be arranged.  Have you discussed these options with your client?

B.      ISSUES

      1.      What issues (in and outside of this lawsuit) need to be resolved?  What are the strengths and weaknesses of each issue.  What is your most persuasive argument?

      2.      What remedies are available resulting from this litigation or otherwise?

      3.      Is there any ancillary litigation pending/planned which affects case value?

      4.      Do you have enough information to value the case?  If not, how are you going to get more information before the conference?

      5.      Do attorneys fees or other expenses affect settlement?  Have you communicated this to the other side?

C.      AUTHORITY

1.      Are there outstanding liens?  Have you verified amounts and whether they are negotiable?  Do you need to include a representative of the lien holder?  If so, contact the Court immediately.

2.      Is there valid insurance coverage?  In what amount?  If coverage is at issue, or the amount/type affects settlement value, have you notified the other side?  Do you need to include the representative from more than one company/carrier?  If so, notify the Court immediately.

D.      NEGOTIATIONS

1.      Where have your last discussions ended?  Are you sure?

2.      Can you have any discussions before the settlement conference to make it proceed more efficiently?

3.      What value do you want to start with?  Why?  Have you discussed this with your client?

4.      What value do you want to end with?  Why?  Have you discussed this with your client?  Is it significantly different from values you have placed on this case at other times?

5.      Is there confidential information which affects case value?  Why can't/won't/shouldn't it be disclosed?  How can the other side be persuaded to change value if it doesn't have this information?

6.      What happens if you don't settle the case at the conference?  What is your best alternative to a negotiated settlement?  Why?

E.      CLOSING

1.      If settlement is reached, do you want it on the record?

2.      Have you discussed settlement formats with your client?  Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

5

3.      How soon could checks/closing documents be received?

4.      If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions?  Do you want Court involvement in these talks?

5.      If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.